78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emmanuel M. NKANSAH, Petitioner-Appellant,
v.
Richard C. SMITH, INS District Director; and U.S.
Immigration and Naturalization Service,
Respondents-Appellees.
 No. 95-35620.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Feb. 23, 1996.
 
 Before: WRIGHT, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's denial of Mr. Nkansah's petition for writ of habeas corpus which he filed after the BIA denied his requests for asylum and withholding of deportation. The BIA did not abuse its discretion when it denied asylum and substantial evidence supported its decision to deny a withholding of deportation.
 
 
 3
 For purposes of this disposition, we assume that Mr. Nkansah's allegations of past detention and mistreatment are true[1] and that he is eligible for asylum as a refugee victim of past persecution.[2] If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 In exercising this discretion in cases involving past persecution, the agency must consider the severity of mistreatment the refugee has suffered. In exceptionally severe cases, the BIA should exercise its discretion to find the refugee entitled to asylum for humanitarian reasons. Matter of Chen, Interim Decision (BIA) 3104, 1989 WL 331860 at * 3-4. In less severe cases, past mistreatment may be sufficient to establish persecution (and thus eligibility for asylum), but may not necessarily warrant entitlement to asylum. For refugees in this second category, "asylum may be denied as a matter of discretion if there is little likelihood of present persecution." Kazlauskas, 46 F.3d at 905-06 (quoting Matter of Chen, 1989 WL 331860 at * 3). However, "[w]here past persecution is established by the applicant, the Service ordinarily will have to present, as a factor militating against the favorable exercise of discretion, evidence that there is little likelihood of present persecution...." Matter of Chen, 1989 WL 331860 at * 3.
 
 
 5
 Mr. Nkansah's allegations of past persecution do not rise to a level warranting a favorable exercise of discretion for humanitarian reasons without regard to any danger of future persecution. Therefore, the BIA could exercise its discretion to deny him asylum if the Service presented evidence that Mr. Nkansah was not likely to suffer persecution if returned to Ghana. The BIA noted that after his release in 1989 and before his flight in 1991, Mr. Nkansah was able to return to his employment and freely travel outside Ghana and return. Two years of peace from the authorities is a legitimate factor to consider in deciding whether Mr. Nkansah faces persecution if he returns to Ghana. Therefore, the INS has rebutted any presumption that Mr. Nkansah is entitled to asylum.
 
 
 6
 Mr. Nkansah presents two arguments designed to show that, contrary to the BIA's conclusion, he is likely to suffer persecution on return to Ghana. Neither is persuasive. First, he cites documentary evidence in the record of human rights abuses in Ghana. He ignores, however, portions of the record documenting vast improvements in these matters. Second, he cites evidence documenting that government authorities are investigating him for violation of gun registration laws. He does not, however, demonstrate successfully that this investigation is a pretext for political persecution. "A criminal prosecution normally will not be 'persecution' absent some improper government motive for pursuing the matter." Mabugat v. INS, 937 F.2d 426, 429 (9th Cir.1991) (citations omitted).
 
 
 7
 Thus, even if Mr. Nkansah has suffered past persecution, the BIA did not abuse its discretion when it denied his application for asylum. See, e.g., Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (no abuse of discretion in denying asylum to applicant who had been ostracized and harassed by teachers and peers due to religion; his father was a dissident who had died in a Soviet labor camp); Gutierrez-Rogue v. INS, 954 F.2d 769, 772 (D.C.Cir.1992) (no abuse of discretion denying asylum to applicant who claimed to have received death threats); Rojas v. INS, 937 F.2d 186, 188-90 (5th Cir.1991) (no abuse of discretion denying asylum to applicant who had testified he had been arrested, beaten, tortured, and fired from his job).
 
 
 8
 Finally, the BIA did not err when it denied Mr. Nkansah's request for a withholding of deportation. To qualify for withholding of deportation, an applicant must demonstrate a clear probability of persecution, i.e., that it is more likely than not that the applicant will be persecuted upon deportation. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Mr. Nkansah has failed to make such a showing for the reasons discussed above.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we assume that Mr. Nkansah's allegations are true, the Immigration Judge's finding that Mr. Nkansah was not credible is irrelevant to our analysis
 
 
 [2]
 Of course, Mr. Nkansah also could have established eligibility for asylum by demonstrating that he has a well-founded fear of future persecution if returned to Ghana. We will not analyze whether Mr. Nkansah has such a fear for purposes of determining eligibility because we have assumed eligibility due to past persecution. The possibility of future persecution is, however, also relevant to whether a person eligible for asylum is entitled to asylum. We therefore examine whether Mr. Nkansah has shown a likelihood of future persecution in the course of analyzing whether he is entitled to asylum